## SUPREME COURT.

THE ROCHESTER AND GENESEE VALLEY RAILROAD COMPANY, respondents, agt. GEORGE L. BECKWITH, appellant.

THE SAME, respondents, agt. JONATHAN WINSLOW, appellant.

By an act of the last session of the legislature, entitled "An Act in relation to Special Proceedings," (*Laws of* 1854, *ch.* 270,) an *order* made at special term, confirming the report of commissioners of appraisal for lands taken for a railroad, may be reviewed on *appeal* to the general term; and this, where the appeal was taken and undetermined at the passage of the act.

When a *report* of commissioners of appraisement is made which upon its face appears to conform in substance to the general railroad act, (*Laws of* 1850, *p.* 219,) and notice is given, according to the rules and practice of the court, for its confirmation, it is the *duty* of the court to *confirm* it. No affidavits or other proof should be heard on such application to contradict or impeach the truth of the matters contained in the report.

If the report should be untrue in any material respect, or the proceedings of the commissioners have been irregular, and the report fails to state the facts constituting such irregularity, upon a proper application directly made to the court

NEW-YORK PRACTICE REPORTS. 169

The Rochester & Genesee Valley Railroad Co. agt. Beckwith, &c.

on the part of the person opposed to the confirmation, the court would be authorized to set aside and vacate the report.

Any *commissioner*, on application for confirmation of a report, which he has properly signed, should not be permitted to stultify himself in any case, by alleging that he signed the report *without reading or hearing it read.* His affidavit should not be received in proof of such fact.

The 16th section of the general railroad act (*supra*) requires the report to be signed by a majority of the commissioners, but does not require them all to be together at the signing; nor is there any rule of law or principle of public policy requiring it.

No error of law, committed by the commissioners in their decision of the merits, or upon the admission or rejection of evidence, can be reviewed or examined on the application to confirm the report. Such decisions can only be reviewed on appeal from their appraisal under the 18th section of the act. (*See* 5 *How-Pr. R.* 177; 6 *id.* 223, 467.)

*Monroe General Term, September,* 1854.

JOHNSON, P. J., T. R. STRONG, and WELLES, JJ.

Appeals from orders made at special term held at Rochester, July 1, 1853, before SELDEN, J., confirming reports of commissioners, &c.

SELAH MATHEWS, *for appellant Beckwith.*
J. L. ANGLE, *for appellant Winslow.*
E. DARWIN SMITH, *for respondents.*

By the court—WELLES, Justice. It is contended, among other things, on the part of the respondents, that the orders in question made by the court at special term cannot be reviewed upon appeal therefrom to the general term. Until the passage of the act of the last session of the legislature, entitled " An Act in relation to Special Proceedings," (*Laws of* 1854, *ch.* 270,) there was no authority for these appeals. (*In Re Fort Plain and Cooperstown Plank Road Co.,* 3 *Code, R.* 148.) The first section of the act referred to gives an appeal to the general term of the supreme court, or the superior court, or court of common pleas of the city of New-York, from any judgment, *order*, or final determination made at a special term of either of said courts in any special proceeding therein, &c. Section three of the same act provides that, " All appeals heretofore had or taken, and undetermined in special proceedings, shall

be as valid and effectual as though had or taken under this act." These appeals had been taken and were undetermined at the time of the passage of the act.

The first three sections of the Code are as follows :—

" § 1. Remedies in the courts of justice are divided into,

" 1. Actions.

" 2. Special proceedings.

" § 2. An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, or the redress or prevention of a wrong, or the punishment of a public offence.

" § 3. Every other remedy is a special proceeding."

It seems to me clear, therefore, that the orders appealed from in these cases were made in special proceedings, and are appealable under the act cited, of the last session; and that we are required to examine and decide the appeals upon their merits.

The report, which the orders appealed from confirms, is entitled, " In the matter of the petition and proceedings of the Rochester and Genesee Valley Railroad Company, for the appraisal of lands in Monroe county." It purports to be in pursuance of an order of this court, dated April 15, 1853, appointing the undersigned, Philip Garbutt, Thomas Wright, Jarvis Sherman, and George W. Allen, with Simeon B. Jewett, commissioners to ascertain and appraise the compensation to be made to the owners and persons interested in certain real estate proposed to be taken by the company for the purposes of the corporation in the county of Monroe, and fixing the time and place of the first meeting of the commissioners. The report then states that pursuant to said order, the four first named commissioners met at the inn of J. M. Cutler, in the town of Henrietta in said county, on the 25th day of April, 1853, at 12 o'clock, M., that being the time and place fixed for that purpose in said order, and Mr. Jewett not appearing, they adjourned from time to time on account of his absence until May 16th of the same year, at the same place, when the same commissioners met, together with Henry P. Norton, who had, in

the mean time been appointed by the court a commissioner in the same matter in the place of said Jewett, when all five of the commissioners so appearing took and subscribed the oath required by the statute. That after sundry further adjourn-ments the commissioners again met, pursuant to adjournment, at the place before mentioned, on the 6th day of June in the same year, at 12 o'clock, M.

The report then proceeds to give a general history of the proceedings of the commissioners from day to day, in viewing the premises, taken by the railroad company, of some four or five different persons, claimants, including the two appellants in these cases. It concludes with a reference to a schedule annexed, and is signed by four of the commissioners, viz.: Thomas Wright, Jarvis Sherman, H. P. Norton, and Philip Garbutt. The report does not show, except by reference to the schedule annexed, the amount awarded to either of the appellants, Beckwith or Winslow; but the schedule contains a statement in each of the cases upon which the commissioners acted, showing the amount awarded in each case, and sets forth the evidence in each case where any was taken. In the case of Winslow, it shows they awarded $700, and in that of Beckwith, the sum of $1,200. That the claimants appeared in both cases, and cross-examined the witnesses introduced by the railroad company; and that they also produced and ex-amined witnesses in their own behalf, on the question of dam-ages. The schedule shows the proceedings in each case sep-arately, and that when the commissioners entered upon the case of one claimant, they finished it, and made the award of damages before they entered upon another case; and the state-ment of each case is signed by such of the commissioners as concurred in the award of damages separately from the others. In Beckwith's case, the statement is signed by H. P. Norton, Thomas Wright, Philip Garbutt, and G. W. Allen, four of the said commissioners; and in the case of Winslow, it is signed by H. P. Norton, G. W. Allen, and Philip Garbutt.

On the application, before the special term, for the confirma-tion of the report, two affidavits were read in opposition on the

172      NEW-YORK PRACTICE REPORTS.

The Rochester & Genesee Valley Railroad Co. agt. Beckwith, &c

part of Beckwith, one made by the commissioner, Sherman, and the other by Beckwith himself. That of Sherman denies expressly that he ever concurred in the award or report in Beckwith's case, and states that if his name appears thereto, it was signed through mistake and misrepresentation. That he expressly refused to concur therein. He explains how he came to sign the general report of the proceedings of the commissioners before mentioned; the substance of which is, that he did not know what it contained; that it was brought to him some days after the commissioners had completed their duties in all the cases, and had adjourned without day; and that he was told by the person who brought it, that it contained a report in the cases only in which he had agreed to the awards made, and therefore he signed it without reading it, and without knowing what it contained. The affidavit of Beckwith contains nothing worthy of notice—except, perhaps, that it states the sum awarded to him is not as large by several hundred dollars as the company would have given him for a voluntary conveyance.

In the case of Winslow, an affidavit was read before the special term, which was made by Thomas Wright and Jarvis Sherman, two of the commissioners, to the effect that neither of them concurred in the award of damages in that case. That they signed the general report without reading it, and were not aware that it contained a statement of the award of damages to Winslow. That it was signed by them respectively, when no other of the said commissioners were present.

In two cases contained in the schedule, other than those of Winslow and Beckwith, as the report and schedule show, the awards of damages were concurred in, and were subscribed by all five of the commissioners.

The 17th section of the general railroad act (*Laws of* 1850, *p.* 219) provides, that on the report of the commissioners being made, the company shall give notice to the parties, &c., " and the court *shall* thereupon confirm such report, and shall make an order," &c.

When a report of commissioners of appraisement is made,

NEW-YORK PRACTICE REPORTS. 173

The Rochester & Genesee Valley Railroad Co. agt. Beckwith, &c.

which upon its face appears to conform in substance to the requirements of the act, and notice is given according to the rules and practice of the court for its confirmation, it seems to me it is the duty of the court to confirm it. No affidavits or other proof should be heard on such application, to contradict or impeach the truth of the matters contained in the report. If it were otherwise, an opportunity would be afforded in all cases for claimants of damages to assail the regularity of the proceedings of the commissioners by *ex parte* affidavits and papers, which could not be met with counter proof, although in the power of the company to furnish it, which would completely explain or rebut the evidence given in opposition to the report. This is illustrated in the present case, in which counter affidavits were pressed upon the attention of the court by the respondent's counsel, but which were rejected for the reason that they did not, and could not, form any part of the case made by the company on the application to confirm the report. If the report should be untrue in any material respect, or the proceedings of the commissioners have been irregular, and the report fails to state the facts constituting such irregularity, I entertain no doubt of the power or duty of the court, upon a proper application directly made on the part of the person opposed to the confirmation, to set aside and vacate the report. On such application, each party would have the opportunity of spreading before the court all the facts in their power to furnish bearing upon the questions of the truth of the report, and the regularity of the proceedings of the commissioners. In view of such application, the court or a judge would, if necessary, order the proceedings on the part of the company to get the report confirmed stayed, as in case of other motions, until the motion to set the report aside should be determined. If this is a correct view of the subject, it disposes of all the questions arising in these appeals, except such as the report on its face presents.

I do not understand that it was seriously contended upon the argument, that the report was not *prima facie* regular and sufficient to entitle the company to an order of confirmation. And

if we look into the affidavits on the part of the appellants, we shall fail, I think, to find any irregularity. The general report, taken in connection with the schedule annexed, which forms a part of it, shows, in my judgment, a compliance with § 16 of the general railroad act before cited, which prescribes the duty of the commissioners. It shows that all the meetings of the commissioners were by appointment of the court, or pursuant to adjournment, and that at the hearing before them, in the cases now under consideration, both parties appeared and gave evidence.

It also appears, that in each case the commissioners heard the proofs and allegations of the parties, and reduced the testimony to writing, and after the same was closed in each case, and without unnecessary delay, and before proceeding to the examination of any other claim, a majority of them, all being present and acting, determined the compensation which, in their judgment, ought to be made to the claimant.

In the case of Winslow, the schedule is signed by three of the commissioners, which was a majority; and nothing is alleged to impeach the signing by those three; and in the case of Beckwith, it was signed by the same three commissioners together, with Mr. Wright, who refused to concur in Winslow's case.

It is objected, however, that the general report, which relates to all the cases passed upon by the commissioners, was signed by only four of them, and that two of them, Wright and Sherman, signed it separately from each other, and from the rest of the commissioners, without reading it, and under a misapprehension of its contents, produced by the misrepresentation of the clerk of the attorney of the company; thus leaving the report regularly and properly signed by less than a majority, as the act requires.

In the first place, I doubt whether the commissioners should be permitted to stultify themselves in any case by alleging that they signed the report without reading, or hearing it read. I think their affidavits should not be received in proof of such fact, and more especially as the report is such a one as they

should have signed, and as, in case of their refusal, the court would probably have compelled them to have signed, if necessary in order to its confirmation. There is no evidence, except their affidavits, to establish the alleged irregularity in the manner of signing the report. The schedule annexed, and to which it refers, was true in all respects, which is no where denied. It is not pretended that either of the dissenting commissioners signed the award in Winslow's case, nor that Sherman signed the award in Beckwith's case. And yet both were signed by a majority of the commissioners.

The 16th section of the act before referred to, requires the report to be signed by a majority of the commissioners, but does not require them all to be together at the signing; nor is there any rule of law, or principle of public policy, requiring it—as it involves no deliberative or judicial action.

No error of law, committed by the commissioners in their decision of the merits, or upon the admission or rejection of evidence, can be reviewed or examined on the application to confirm their report. Such decisions can only be reviewed on appeal from their appraisal, under the 18th section of the act. (*N. Y. & Erie Railroad Company agt. Cory & Smith*, 5 *How. Pr. R.* 177; *Same agt. Coburn*, 6 *id.* 223; *R. & Syr. Railroad Company agt. Budlong, id.* 467.)

For the foregoing reasons, I am of the opinion that the orders appealed from should be affirmed, with $10 costs in each case.